# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| WAYNE ALLEN BEAHM, | ) |
| | ) |
|     **Plaintiff,** | ) |
| v. | )    **Civil Action No. 5:21-00547** |
| | ) |
| D.L. YOUNG, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant Dotson's Motion to Dismiss (Document No. 33), filed on January 26, 2022. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant Dotson's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendant Dotson in moving to dismiss. (Document No. 35.) Plaintiff filed his Response on February 11, 2022 and Defendant Dotson filed his Reply on February 18, 2022. (Document Nos. 43 and 45.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant Dotson's Motion to Dismiss (Document No. 33) should be granted.

## PROCEDURAL BACKGROUND

On October 4, 2021, Plaintiff, acting *pro se*[1] and incarcerated at FCI Beckley, filed his Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

619 (1971). (Document No. 2.) In his Complaint, Plaintiff names the following as Defendants: (1) D.L. Young, Warden; (2) P. Boulet, Associate Warden; (3) B. Fain, Medical Administrator; (4) Roger Edwards, Doctor; (5) S. Vest, FNP Medical PA; (6) J. Dotson, Physical Therapist; (7) S. Phipps, Unicor Manager; (8) M. Gibson, Unicor Supervisor; (9) R. Brotrell, Safety manager; and (10) Federal Correctional Institution Beckley. (Id.) Plaintiff alleges that on November 15, 2019, he fell while removing cardboard in his work area at Unicor, Section 6. (Id., p. 10.) Plaintiff contends that when he fell, he felt "extreme pain" in his right shoulder. (Id.) Plaintiff, however, states that he finished removing the cardboard and then reported his injury to Mr. Gibson. (Id.) Plaintiff acknowledges that Mr. Gibson asked, "how I was and I told him I wasn't sure but I think I'll be alright." (Id.) Plaintiff explains that that evening his shoulder continued to get worse and Plaintiff "noticed severe bruising upon waking up on the 18th day of November 2019." (Id.) Plaintiff alleges that he went directly to sick call where he showed his arm to the male nurse and submitted his sick call slip. (Id.) Plaintiff acknowledges that he was put on "sick call callout" and he was evaluated on November 27, 2019, by PA Mr. Vest. (Id., p. 11.) Plaintiff alleges that PA Vest sent Plaintiff to see Physical Therapist J. Dotson. (Id.) Plaintiff claims that Physical Therapist Dotson advised Dr. Roger Edwards that he was "100% sure" that Plaintiff's rotator cuff was torn. (Id.) Plaintiff contends that PA Vest placed Plaintiff on "light duty in Unicor factory" and ordered an x-ray to be conduct at FCI Beckley. (Id.) Plaintiff complains that even though Plaintiff's arm "was black and blue" and Plaintiff "could hardly move [his] arm," Dr. Edwards stated "this was not an emergency." (Id.) Plaintiff alleges that the "MRI truck finally entered FCI Beckley on January 25, 2021." (Id., p. 12.) Plaintiff acknowledges that he was evaluated by Dr. Whitfield, an orthopedic surgeon at FCI Beckley. (Id., p. 12.) Plaintiff contends that he was eventually taken to Dr. Gordon Holen's office where Plaintiff informed Dr. Holen that he "wanted [his] shoulder

fixed." (Id.) Plaintiff alleges that Dr. Holen performed surgery on April 19, 2021. (Id.) Plaintiff, however, complains that Dr. Holen stated "I cannot repair your shoulder after surgery due to the long length of time." (Id.) Plaintiff contends that Dr. Holen stated that he could have repair Plaintiff's shoulder "when the accident first occurred on 11-15-2019." (Id.) Plaintiff states that he is "devasted over [his] permanent injury." (Id.) Plaintiff requests monetary relief. (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "Request for Administrative Remedy Informal Resolution Form" dated August 23, 2021 (Id., p. 8.); (2) A copy of Plaintiff's "Privacy Act Request/Freedom of Information Act Request" (Id., p. 13.); (3) A copy of Dr. Gordon Holen's "Consolation Report" regarding Plaintiff's surgery on April 19, 2021 (Id., p. 15.); (4) A copy of Plaintiff's MRI report dated January 22, 2021 (Id., pp. 16 - 17.); (5) A copy of Plaintiff's "Injury Report" dated November 4, 2019[2] (Id., pp. 18 - 19.); and (6) A copy of a letter to Plaintiff from the Forbes Law Offices dated September 8, 2021 (Id., p. 21.).

By Order entered on October 19, 2021, the undersigned denied Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to pay the filing and administrative fee totaling $402. (Document No. 8.) On November 29, 2021, Plaintiff paid the filing and administrative fee. (Document No. 12.) By Order entered on December 3, 2021, the undersigned directed the Clerk to issue process upon Defendants. (Document No. 13.) On January 26, 2022, Defendant Dotson filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 33 and 34.) Defendant Dotson argues that Plaintiff's claim against him should be dismissed based on the following: (1) "Plaintiff cannot maintain a *Bivens* cause of action against Jukey

---

[2] Plaintiff disputes that his injury occurred on November 4, 2019. (Document No. 2, p. 11.)

3

Dotson as a private contractor" (Document No. 34, pp. 4 – 5); (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 5 – 9); and (3) "Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted because he has failed to plead a sufficient factual predicate to establish a claim for deliberate indifference against Jukey Dotson" (Id., pp. 9 – 13). As an Exhibit, Defendant Dotson attaches a copy of his Affidavit. (Document No. 33-1.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on January 27, 2022, advising him of the right to file a response to Defendant Dotson's Motion to Dismiss. (Document No. 35.) In his Response, Plaintiff stated that he "may have been overzealous in naming Jukey Dotson as a defendant in this matter and would not object to Mr. Dotson being dismissed as a party in this civil action." (Document No. 43, p. 1.) Plaintiff, however, states that he does dispute that he did not exhaust his administrative remedies. (Id., pp. 1 – 7.) As Exhibits, Plaintiff attaches the following: (1) A copy of a "Consultation Report" dated June 15, 2021 (Id., p. 11); (2) A copy of Plaintiff's "Injury – Lost – Time Follow-Up – Part 2" dated November 4, 2019 and April 24, 2020 (Id., p. 12); and (3) A copy of Plaintiff's Affidavit regarding the exhaustion of administrative remedies (Document No. 44).

In Reply, Defendant Dotson notes that Plaintiff states that he has no objection to the dismissal of Defendant Dotson. (Document No. 45.) Accordingly, Defendant Dotson requests that this Court grant his Motion to Dismiss and order the dismissal of Defendant Dotson from the above action. (Id.)

## **THE STANDARD**

A Rule 12(b)(6) motion requests dismissal for failure to state a claim upon which relief can be granted and tests the legal sufficiency of the complaint or pleading. Francis v. Giacomelli, 588

4

F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green,

5

446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*. In Plaintiff's Complaint, he specifically states that he is bringing the above action under *Bivens*. To the extent Plaintiff may be attempting to assert a FTCA claim against the above-named defendants, the undersigned finds that such would be improper. The FTCA waives sovereign immunity for certain torts committed by employees of the United States, but it does ***not*** waive immunity as to the acts of independent contractors. *Logue v. United States*, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996).

308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

In determining whether Bivens liability can be imposed upon Defendant Dotson, the undersigned must consider the Fourth Circuit's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). In considering whether Bivens may apply to a private individual, the Fourth Circuit stated as follows:

> Neither we nor the Supreme Court has had occasion to consider whether and to what extent Bivens liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such liability would ever be appropriate. Each of the defendants in Bivens, Davis, and Carlson were in the direct employ of the federal government.

Id. at 291. The Fourth Circuit noted that the Supreme Court has "responded cautiously to suggestion that Bivens remedies should be extended into new contexts" and has extended Bivens only twice in 30 years.[4] Id. at 289. The Fourth Circuit reasoned that a Bivens "cause of action is implied without any express congressional authority whatsoever" and "a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." Id.(citing Sosa v. Alverez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004)). In Ziglar v. Abbasi, the Supreme Court made clear the very limited scope of Bivens actions and that

---

[4] In *Bivens*, the Supreme Court first recognized that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court. *Bivens*, 403 U.S. at 396, 91 S.Ct. 1999. In the years following the decision in *Bivens*, the Supreme Court recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 100, S.Ct. 1468, 64 L.Ed.2d 15 (1980). Since *Carlson*, the Supreme Court has consistently refused to extend *Bivens* liability to any new context or new category of defendants. *See FDIC v. Meyer*, 510 U.S. at 484-86, 114 S.Ct. 996 (declined to extend *Bivens* to permit suit against a federal agency); *Holly*, 434 F.3d at 290 (declining to extend *Bivens* to an Eighth Amendment claim against employees of a privately operated prison); *Lebron v. Rumsfeld*, 670 F.3d 540 (4th Cir. 2012)(declining to extend *Bivens* in a military context).

"expanding the Bivens remedy is now a disfavored judicial activity." Ziglar v. Abbasi, ___ U.S. ___, 137 S.Ct. 1843, 1857, 198 L.Ed.2d 290 (2017).

Assuming the claim is a new Bivens context, the Court must determine whether Bivens should be extended to the new context. First, the Court should consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new freestanding remedy in damages." Wilkie, 551 U.S. at 550, 127 S.Ct. 2588. "[T]he existence of alternative remedies usually precludes a court from authorizing a Bivens action." Abbasi, 137 S.Ct. at 1865("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action."); Malesko, 534 U.S. at 69, 122 S.Ct. at 515("So long as the plaintiff had an avenue for some redress," a court may decline to provide a new Bivens remedy). Irrespective of whether an alternative remedy exists, a Bivens remedy should not be extended where "there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Abbasi, 137 S.Ct. at 1857(quoting Carlson, 446 U.S at 18, 100 S.Ct. 1468). Although the Supreme Court has not defined what constitutes "special factors counselling hesitation," the Court has observed that "[t]he necessary inference . . . is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857-58. Put simply, "a factor must cause a court to hesitate before answering that question in the affirmative." Id. at 1858. "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Id. at 1865.

In Holly, the Fourth Circuit determined that two factors counseled hesitation independently precluding the extension of Bivens: (1) Defendants were private individuals, not government actors; and (2) Plaintiff had an adequate remedy against defendants under state law. Holly, 434

F.3d at 290 (Bivens does not provide federal inmates with a cause of action against employees of a private corporation operating a prison). In discussing the first factor counseling hesitation, the Fourth Circuit stated that defendants' actions were not "fairly attributable" to the federal government. Id. at 290. The Fourth Circuit explained that it was undisputed that defendants were employees of "a wholly private corporation in which the federal government has no stake other than a contractual relationship." Id. at 291. Thus, the Fourth Circuit stated that "[w]e decline to extend Bivens to impute liability in such circumstances." Id.("Neither we nor the Supreme Court has had occasion to consider whether and to what extent Bivens liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such lability would ever be appropriate.") Next, the Fourth Circuit then explained that "[e]ven assuming that Bivens liability is sufficiently expansive to encompass at least some private individuals, our constitutional scheme necessarily constrains its scope." Id. at 292. Although the Fourth Circuit recognized "[t]here exist amply reason to be even more cautious about imputing liability to private actors under Bivens than under § 1983," the Fourth Circuit discussed liability of private persons under Section 1983. Id. at 292(noting that Section 1983 is a congressional enactment expressly creating lability for individuals acting under color of state law, and Bivens is a device of judicial creation). Under Section 1983, courts have limited liability of private persons through the application of the state action doctrine. Id. at 291-92(citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under the state action doctrine, liability does not result unless the "conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." Id. There is no specific formula for determining whether state action is present. Id. at 293(citing Hicks v. S. Md. Health Sys. Agency, 737 F.2d 399, 402 (4th Cir. 1984)). A variety of factors may be considered when determining what action is fairly attributable to a state. Id. The Supreme Court

9

has stated that a the "dispositive issue concerns the relationship among the State, the physician, and the prisoner." West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(finding that a "physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under color of state law, within meaning of § 1983").[5] In Holly, the Fourth Circuit found that the defendants' actions were not of a "sufficiently federal character to create constitutional liability" because (1) the defendants were employees of a wholly private corporation, (2) other than a contractual relationship, the federal government had no interest in the private corporation, and (3) there was no allegation that federal policy resulted in defendants' failure to provide adequate medical care. Holly, 434 F.3d. at 294. Therefore, the Fourth Circuit concluded that "even if there did exist circumstances where a private party could be subject to liability under Bivens . . . the doctrine of state action compels us to refrain from extending Bivens liability to the individual employees of a private corporation operating a correctional facility." Id.

In discussing the second factor counseling hesitation in Holly, the Fourth Circuit explained that plaintiff "possesses alternative - and arguably superior - causes of action against defendants under the state law of negligence." Id. at 295. The Supreme Court has extended Bivens in only two circumstances: (1) "[T]o provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct;" and (2) "[T]o provide an otherwise nonexistent cause of action against individual officers alleged to have acted

---

[5] The Fourth Circuit warned that "[t]here exists amply reason to be even more cautious about imputing liability to private actors under *Bivens* than under § 1983. Section 1983 is a congressional enactment that expressly creates liability for '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia' deprives an individual of any 'rights, privileges, or immunities secured by the Constitution' or other federal law. *Bivens*, on the other hand, is a devise of judicial creation . . . the Supreme Court 'has never expressly held that the controls of *Bivens* and § 1983 are identical." *Holly*, 434 F.3d at 292.

10

unconstitutionally." Id. at 295-96(citing Correctional Services Corp. v. Malesko, 534 U.S.61, 70, 122 S.Ct.515, 151 L.Ed.2d 456 (2001)). The Fourth Circuit stated that "where these two circumstances are not present, the Court has consistently rejected invitations to enlarge the scope of the judicially created Bivens remedy." Id. at 296. The Fourth Circuit then determined that neither circumstance was present in plaintiff's case because state law provided plaintiff with an alternative remedy, which included a cause of action against individual officers. Id. Therefore, the Fourth Circuit determined that the extension of Bivens was inappropriate. Id. at 297.

In his Motion, Defendant Dotson argues that Plaintiff cannot maintain a Bivens action again him because he is a private contractor. (Document No. 34, pp. 4 – 5.) In support, Defendant Dotson files an Affidavit stating, in pertinent part, as follows: (1) "I have never been employed by the United States government or the Federal Bureau of Prisons;" (2) "I am contracted to provide physical therapy to inmates at FCI Beckley;" and (3) "At all times relevant to the allegations in the Complaint filed by Wayne Allen Beahm, I was working in my capacity as a private contractor in providing him physical therapy." (Document No. 33-1.) In his Response, Plaintiff states he "may have been overzealous in naming Jukey Dotson as a defendant in this matter and would not object to Mr. Dotson being dismissed as a party in this civil action." (Document No. 43, p. 1.) There is no allegation, or indication, that Defendant Dotson was employed by a government entity or agency. In Holly, the Fourth Circuit expressly declined to extend a Bivens action to employees of a wholly private corporation in which the government had no stake other than a contractual relationship. Accordingly, the undersigned finds that Bivens should not be extended to Plaintiff's claims against Defendant Dotson.[6] See O'Neil v. Anderson, 372 Fed.Appx. 400, 404 (4th Cir.

---

[6] Since Plaintiff's claim is a new *Bivens* context, the undersigned briefly considers whether *Bivens* should be extended to the above new context. The Court should consider "whether any alternative, existing process for protecting the

2010)(affirming dismissal of Bivens action against a private doctor that was contracted to provide medical care to a federal prison); Sellers v. St. Joseph Hospital, 2017 WL 4564187, * 3 (N.D.W.Va. June 28, 2017)(dismissing Bivens claim against the independent hospital and the individual private actor physician who treated the inmate); also see Boston v. Bennett, 2018 WL 7078678, * 7 (N.D.W.Va. Dec. 26, 2018)(dismissing Bivens claim against a dentist, who was a contract employee providing dental care to an inmate); Sowers v. United States, 2018 WL 6709509, * 12 (E.D.Va. Dec. 20, 2018)(dismissing FTCA and Bivens claim against an employee of an independent contractor); Brock v. Shearer, 2012 WL 7188893, * 12 (D.S.C. July 25, 2012)(finding that Bivens liability should not be extended to private physicians). The undersigned, therefore, respectfully recommends that Defendant Dotson's Motion to Dismiss (Document No. 33) be granted and Plaintiff's Complaint be dismissed as to Defendant Dotson.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Dotson's Motion to Dismiss (Document No. 33), and **REFER** the matter back to the undersigned for further proceedings as to the remaining Defendants.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new freestanding remedy in damages." *Wilkie*, 551 U.S. at 550, 127 S.Ct. 2588. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S.Ct. at 1865("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."); *Malesko*, 534 U.S. at 69, 122 S.Ct. at 515("So long as the plaintiff had an avenue for some redress," a court may decline to provide a new *Bivens* remedy.) To the extent Plaintiff wishes to pursue a claim against Defendant Dotson, the undersigned finds that Plaintiff has a remedy under state law. Plaintiff alleges that Defendant Dotson provided inadequate medical care. The undersigned finds that Plaintiff's allegations would support a cause of action under West Virginia law for medical negligence under the MPLA. W. Va. Code. §§ 55-7B-1. If successful, Plaintiff could recover compensatory and punitive damages. Therefore, the undersigned finds *Bivens* liability should not be extended because Plaintiff has an alternative cause of action against Defendant Dotson under state law.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 23, 2022.



Omar J. Aboulhosn
United States Magistrate Judge